716 S.E.2d 919

**In the Matter of Richard M. LOVELACE, Jr., Respondent.**

**No. 27052.**

Supreme Court of South Carolina.

Submitted Sept. 12, 2011.

Decided Oct. 10, 2011.

Lesley M. Coggiola, Disciplinary Counsel, and Barbara M. Seymour, Deputy Disciplinary Counsel, both of Columbia, for Office of Disciplinary Counsel.

George M. Hearn, Jr., of Hearn & Hearn, PA, of Conway, for respondent.

## DEFINITE SUSPENSION

PER CURIAM.

In this attorney disciplinary matter, the Office of Disciplinary Counsel (ODC) and respondent have entered into an Agreement for Discipline by Consent (Agreement) pursuant to Rule 21, RLDE, Rule 413, SCACR. In the Agreement, respondent admits misconduct and consents to the imposition of an admonition, public reprimand, or a definite suspension not to exceed ninety (90) days, with conditions as follows: 1) continued psychiatric and/or psychological treatment, including, but not limited to anger management, for a period of one year from the imposition of discipline and 2) the submission of

quarterly reports of his diagnosis, treatment compliance, and prognosis to the Commission on Lawyer Conduct (the Commission). We accept the Agreement and definitely suspend respondent from the practice of law in this state for a ninety (90) day period with the conditions set forth above. The facts, as provided in the Agreement, are as follows.

## *FACTS*

Respondent represented the plaintiff in a civil suit. On April 2, 2008, the deposition of the plaintiff had just concluded and respondent was preparing to take a second deposition. The deponent in the second case was a defendant in the lawsuit. Respondent asked if anyone wanted to take a break. The defendant, who was seated across the table from respondent, said something to the effect of "No, let's get this crap over with." Respondent then stood up and pointed at the defendant's face and warned him not to speak to him in that manner. The defendant stood up and told respondent not to point his finger at him. Respondent then slapped the defendant in the face.

The defendant initiated criminal charges of simple assault and battery against respondent. Respondent pled "no contest" and was sentenced to payment of a fine.

Respondent self-reported this incident to ODC on the day it occurred.

## *LAW*

Respondent admits that he has violated the following provisions of the Rules of Professional Conduct, Rule 407, SCACR: Rule 8.4(b) (it is professional misconduct for lawyer to commit a criminal act that reflects adversely on the lawyer's honesty, trustworthiness or fitness as a lawyer in other respects) and Rule 8.4(e) (it is professional misconduct for lawyer to engage in conduct that is prejudicial to administration of justice). In addition, respondent admits his misconduct constitutes grounds for discipline under Rule 7, RLDE, of Rule 413, SCACR, specifically Rule 7(a)(1) (it shall be ground for discipline for lawyer to violate Rules of Professional Conduct), Rule 7(a)(5) (it shall be ground for discipline for lawyer to engage in conduct tending to pollute the administration of justice or to bring the courts or the legal profession into

disrepute or conduct demonstrating an unfitness to practice law), and Rule 7(a)(6) (it shall be ground for discipline for lawyer to violate the oath of office taken to practice law in this state and contained in Rule 402(k), SCACR).

### CONCLUSION

We accept the Agreement for Discipline by Consent and definitely suspend respondent from the practice of law for a ninety (90) day period, with conditions as follows: 1) respondent shall continue psychiatric and/or psychological treatment, including but not limited to anger management, for a period of one year from the imposition of discipline and 2) he shall submit quarterly reports of his diagnosis, treatment compliance, and prognosis to the Commission. Within fifteen days of the date of this opinion, respondent shall file an affidavit with the Clerk of Court showing that he has complied with Rule 30, RLDE, Rule 413, SCACR.

**DEFINITE SUSPENSION.**

TOAL, C.J., PLEICONES, BEATTY and KITTREDGE, JJ., concur.

HEARN, J., not participating.